**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD WALBORN,

                 Plaintiff,

v.

CHUN SZU and NATIONAL LIABILITY &
FIRE INSURANCE COMPANY,

                 Defendants.

Civ. No. 08-6178 (DRD)

**O P I N I O N**

*Appearances by:*

ANDREW H. KOPPEL, Esq.
525 Amboy Avenue, 2nd Floor
Woodbridge, NJ 07095

    *Attorneys for Plaintiff*

POST & SCHELL, P.C.
by: Richard L. McMonigle, Esq. and Michael J. Farrell, Esq.
1600 John F. Kennedy Blvd., 14th Floor
Philadelphia, PA 19103

    *Attorneys for Defendant National Liability and Fire Insurance Company*

**DEBEVOISE, Senior District Judge**

    This matter comes before the court pursuant to a motion by Plaintiff Richard Walborn to remand proceedings to the Superior Court of New Jersey. In his motion, Plaintiff claims that Defendant National Liability & Fire Insurance Company ("National") wrongfully removed the action to this court. Because one of the defendants, Chun Szu, resides in the forum in which the

case was originally brought, the court finds that National violated the "forum defendant rule" contained in 28 U.S.C. § 1441(b). Therefore, Mr. Walborn's motion to remand will be granted.

## I.  BACKGROUND

The facts underlying this case are simple. On October 13, 2006, Mr. Walborn was involved in a car accident which was allegedly caused by Mr. Szu's negligence. As a result of that event, Mr. Walborn and several passengers who were riding in his vehicle suffered substantial injuries.

Mr. Walborn first sought compensation from Mr. Szu's insurance company. Upon doing so, he was informed that Mr. Szu's insurance policy limited that company's liability to a maximum of $15,000.00 for injuries to any individual or $30,000.00 for all injuries sustained. Since the medical costs arising out of his injuries exceeded those totals, Mr. Walborn sought compensation from National pursuant to his own insurance policy, which contained a clause whereby the company agreed to pay "all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle." (Compl. ¶ 8.) After National refused to remit the requested funds, Mr. Walborn on October 10, 2008 filed a suit in the Superior Court of New Jersey seeking damages of $750,000.00 against both the company and Mr. Szu.

National removed to this court on December 16, 2008. In doing so, the company pointed out that the parties are citizens of different states – National is a Connecticut corporation with its primary place of business in Nebraska, Mr. Szu is a citizen of New Jersey, and Mr. Walborn is a citizen of Pennsylvania – and the amount in controversy exceeds $75,000.00. (Notice of Removal ¶¶ 5-8.) The company also noted that, although he is a citizen of the state in which the

original action was brought, Mr. Szu had not yet been served at the time of removal.  (Id. at ¶ 3.) On the bases of those facts, National argued that removal was proper under 28 U.S.C. § 1441.

After repeated attempts, Mr. Walborn served Mr. Szu with the Complaint on January 27, 2009.  See (Def.'s Br. Opp'n Mot. to Remand, Ex. E.)  Thus, Mr. Szu was served after the case was removed to this court but prior to oral arguments.  However, at oral arguments counsel for both sides acknowledged that Mr. Walborn made diligent efforts – including attempts by local police on November 17 and 20, 2008 – to serve Mr. Szu with the Complaint prior to removal.

In the motion currently before the court, Mr. Walborn contends that removal was improper and requests that the action be remanded to the Superior Court of New Jersey.  Specifically, Mr. Walborn claims that (1) this court does not have diversity jurisdiction because the underlying action is a "direct action" against an insurer and National is therefore deemed under 28 U.S.C. § 1332(c)(1) to be a citizen of the state in which the Mr. Walborn resides, (2) because Defendant Chun Szu is a citizen of New Jersey, National violated the "forum defendant rule" contained in 28 U.S.C. § 1441(b) by removing the case to this court, (3) National did not establish that the citizenship of the parties is diverse before removing to this court, and (4) the "entire controversy doctrine," along with the deference given to a plaintiff's choice of forum, requires remand.  In opposition to Mr. Walborn's motion, National contends that (1) the underlying case is not a "direct action" against an insurer, (2) the company did not violate the "forum defendant rule" contained in 28 U.S.C. § 1441(b) because Mr. Szu had not been served with the Complaint at the time of removal, (3) the notice of removal effectively alleged diverse citizenship, and (4) the "entire controversy doctrine" did not prohibit removal.

## II.  DISCUSSION

As a preliminary matter, the court rejects Mr. Walborn's arguments that (1) National did not establish the diverse citizenship of the parties before removing, and (2) the "entire controversy doctrine" requires remand.  With respect to the first, it is well-established that a defendant need not conclusively establish the citizenship of the parties to obtain removal.  To the contrary, a "short and plain statement of the grounds for removal" is sufficient.  28 U.S.C. § 1446(a).  That standard – a "short and plain" statement – is the same as the one applicable to allegations in a complaint.  See Fed. R. Civ. P. 8(a).  Under it, a defendant need only include enough information regarding the citizenship of the parties to give the plaintiff notice of the alleged grounds for jurisdiction in the federal court.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (in order to meet the "short and plain" statement standard contained in Federal Rule of Civil Procedure 8(a), a plaintiff "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal quotations omitted)).

Even a cursory inspection of the Notice of Removal makes clear that National effectively alleged that this court properly has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The company stated that:

> Upon information and belief, Plaintiff is a citizen of Pennsylvania, having an address at 17 S. Oak St., East Stroudsberg, PA 18301.
>
> Upon information and belief, co-Defendant Szu is a citizen of New Jersey, with a last known address at 147 Stoneridge Rd., New Providence, NJ 07974
>
> National Liability is a corporation organized and existing under the laws of the State of Connecticut with its administrative offices at 3024 Harney Avenue, Omaha, Nebraska 68131-3580.
>
> According to the Complaint, the subject insurance policy, allegedly issued by National Liability, has a single occurrence limit of

> $750,000.00, to which Plaintiff claims an entitlement, together with costs, disbursement of suit, and interest.
>
> …
>
> The instant action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 insofar as all parties are of diverse citizenship and the amount in controversy is in excess of $75,000.

(Notice of Removal ¶¶ 5-7, 10.)

Those claims were sufficient to give Mr. Walborn notice of the alleged grounds for removal. Therefore, National satisfied the pleading requirements for removal contained in 28 U.S.C. § 1446(a).

Mr. Walborn's argument that the "entire controversy doctrine" requires remand is similarly meritless. That doctrine requires, whenever possible, that all disputes between parties should be joined in a single controversy. Thornton v. Potamkin Chevrolet, 94 N.J. 1, 4-5 (1983). However, "[t]he essence of that policy is the joinder of claims and not parties." Id. at 5. In other words, the doctrine relates only to the issues at play within a single case, and does not, as claimed by Mr. Walborn, require that separate litigations arising from the same core of operative facts proceed in the same court.

The remaining arguments asserted by Mr. Walborn in support of his motion implicate two distinct legal questions. By arguing that the underlying suit is a "direct action" against an insurer and National is thus deemed to be a citizen of the state in which he resides, Mr. Walborn claims that this court lacks subject matter jurisdiction. In contrast, Mr. Walborn's contention that National violated the "forum defendant rule" is couched not in an assertion that this court does not have jurisdiction, but rather in a claim that it should refuse to exercise that jurisdiction due to National's failure to comply with the removal statute, 28 U.S.C. § 1441. The former argument is unavailing. With respect to the latter, the court agrees that National violated the

"forum defendant rule" contained in 28 U.S.C. § 1441(b).  Therefore, Mr. Walborn's motion to remand will be granted.

**A.  Subject Matter Jurisdiction**

This court properly has jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).  For the purpose of determining the existence of such jurisdiction, a corporation is normally deemed to be a citizen of both the state in which it was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  However, in "direct actions" against an insurer where the insured is not joined as a co-defendant, the insurer is also deemed to be a citizen of the state in which the insured resides.  Id.  Thus, if this case were a "direct action" against an insurer, National would be deemed a citizen of the same state as Mr. Walborn, and this court would not have subject matter jurisdiction.

Mr. Walborn's argument to that effect fails, however, insofar as it misconstrues the meaning of "direct action" as that term is used in 28 U.S.C. § 1332(c).  As is made clear by the legislative history of that statute and the numerous decisions interpreting it, the term "direct action" does not encompass cases such as this one, where an insured brings suit against his or her insurance company for benefits that were allegedly withheld.  Rather, it is limited to tort actions in which an injured party brings suit directly against the tortfeasor's insurance company.  Myers v. State Farm Ins. Co., 842 F.2d 705, 707 (3d Cir. 1988) overruled on other grounds by Brennan v. Gen. Accident & Fire Life Assurance Group, 574 A.2d 580 (Pa. 1990).

The provision of 28 U.S.C. § 1332(c) eliminating diversity jurisdiction in "direct suits" against an insurer was first included in that statute pursuant to a 1964 amendment by Congress.  The Senate report accompanying that amendment made clear that the provision refers to statutes

allowing a party injured by the negligence of an insured to pursue his or her right of action against the insurer without joining the tortfeasor as a defendant which had recently been enacted by Louisiana and Wisconsin.  S. Rep. No. 88-1308, at 2779 (1964).  By enacting an exception to the federal district courts' diversity jurisdiction for such suits, Congress hoped to alleviate substantial increases in the caseload of the United States District Court for the Eastern District of Louisiana that had occurred due to the removal of "direct action" suits where both the victim and the insured resided in that state, but the insurance company was incorporated and headquartered elsewhere.  Id. (stating that such suits "do not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system.").

In light of the clear legislative purpose behind the inclusion of the "direct action" provision in 28 U.S.C. § 1332(c)(1), that provision is best read as eliminating diversity jurisdiction only in tort cases where an injured party brings suit against the alleged tortfeasor's insurer without joining the tortfeasor as a defendant.  Myers, 842 F.2d at 707.  Courts of Appeal in other circuits have uniformly adopted the same interpretation.  Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985); Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901-02 (9th Cir. 1982); White v. U.S. Fid. & Guar. Co., 356 F.2d 746, 747 (1st Cir. 1966).  Accordingly, the court finds that the pending suit is not a "direct action" against an insurer and it has subject matter jurisdiction based on the diversity of the parties.

**B.  The "Forum Defendant Rule"**

Even in cases where a district court properly has subject matter jurisdiction, a plaintiff may move for remand on the basis of procedural defects in removal.  28 U.S.C. § 1447(c).  Such motions must be made within 30 days of removal.  Id.  A court remanding on the basis of a

procedural defect may, in its discretion, award the plaintiff attorneys' fees and other costs incurred as a result of the wrongful removal.  Id.

In this case, Mr. Walborn alleges that National violated the "forum defendant rule," a provision in 28 U.S.C. § 1441(b) which states that an action can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  National acknowledges that one of the defendants, Mr. Szu, is a citizen of New Jersey, the state in which the case was brought.  The company argues that the forum defendant rule does not apply, however, because Mr. Szu had not yet been served with the Complaint at the time of removal, and was therefore not "joined and served" within the meaning of 28 U.S.C. § 1441(b).  Thus, the permissibility of removal in this case turns on the question of whether the words "joined and served" limit the application of the forum defendant rule to actions where the defendant residing in the state in which the proceeding was brought had been served at the time of removal.

The court recently had occasion to address precisely that issue.  In Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp.2d 640, 643 (D.N.J. 2008), it found that a literal interpretation of the "joined and served" language in the statute which would allow removal in cases such as this one would "produce bizarre results that Congress could not have intended," and would indeed be "demonstrably at odds with the objectives Congress did intend to effect" in enacting 28 U.S.C. § 1441(b).  On the basis of those findings, the court held that the "joined and served" language contained in 28 U.S.C. § 1441(b) does not allow a defendant to remove a case that would otherwise be subject to the forum defendant rule simply because the plaintiff has not yet served the defendant residing in the state in which the suit was brought.  Id.

The court's holding in Sullivan was based on an extensive review of the policy developments underlying the addition of the forum defendant rule to the removal statute in 1948, which concluded that "Congress added the 'properly joined and served' requirement in order to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Id. at 645 (citations omitted).  The court's conclusion that Congress added the "properly joined and served" language to 28 U.S.C. § 1441(b) to preclude plaintiffs from defeating removal by adding forum defendants against whom they did not intend to proceed – a practice commonly referred to as "improper joinder" – was bolstered by the fact that such practices were "pervasive" at the time of the amendment.  Id.  The court found no evidence that "Congress, in adding the 'properly joined and served' language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process." Id.  To the contrary, "given that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship – improper joinder – the court [found] that allowing defendants to engage in another type of gamesmanship – a hasty filing of a notice of removal – [would be] demonstrably at odds with the intent of Congress." Id. at 647.

Rather than arguing that Mr. Szu was improperly joined, National claims that the forum defendant rule does not apply in cases such as this one, where a defendant who resides outside the forum in which the case was filed removes before those residing therein are served.  In support of that proposition, National quotes this court's recent decision in DeAngelo-Shuayato v. Organon USA, Inc., 2007 WL 4365311 at * 4 (D.N.J. 2007), stating that it is "well settled that a non-forum defendant will not necessarily be barred from removal by § 1441(b) where a forum defendant is joined, but not served."  (Def.'s Br. Opp'n Mot. to Remand 15.)   That decision,

9

however, dealt only with situations in which the forum defendant was never served, not cases such as this one where the forum defendant was served, but only after the case was removed. DeAngelo-Shuayato, 2007 WL 4365311 at * 1 (stating that "no attempt" had been made to serve the forum defendant).  As this court made clear in Sullivan, 575 F. Supp.2d at 643, "[t]he purpose of the 'properly joined and served' language [in 28 U.S.C. § 1441(b)] is to prevent the abuse of the forum defendant rule by improper joinder."  Given the efforts made to serve Mr. Szu, and Mr. Walborn's eventual success in doing so, it does not appear that his joinder was the result of an effort to defeat removal.  In the absence of any evidence that Mr. Szu's joinder was improper, the court rules that this proceeding does not fall under the category of cases that Congress meant to address by adding the "properly joined and served" language to § 1441(b), and National's removal therefore violated the forum defendant rule.

Despite the court's holding that National violated the forum defendant rule, it does not appear that the company engaged in any sort of gamesmanship in removing the case to this court. Rather than "conducting and winning a race … to file a notice of removal before the plaintiffs could serve process" on the forum defendant, id. at 646, National waited a full two months after the Complaint was filed on October 10, 2008 before removing to this court on December 16th of that year.  In fact, Mr. Walborn did not succeed in serving Mr. Szu with the Complaint until January 27, 2009 – twelve days after he filed the pending motion to remand.  See (Def.'s Br. Opp'n Mot. to Remand, Ex. E.)  Given that fact, National's actions were eminently reasonable, and should not be punished by forcing the company to pay Mr. Walborn's attorneys' fees arising out of this proceeding.  Therefore, the court will exercise its discretion not to award such fees.

### III.  CONCLUSION

For all the foregoing reasons, Mr. Walborn's motion to remand is granted.  The court will enter an order implementing this decision.

                                        **s/ Dickinson R. Debevoise**
                                        DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 6, 2009